**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**PHILLIP LEE JOSEPH, JR.**                                    **CIVIL ACTION**

**VERSUS**                                                      **NO. 22-3288**

**TERREBONNE PARISH JAIL, ET AL.**                            **SECTION: "R"(5)**

**REPORT AND RECOMMENDATION**

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* plaintiff, Phillip Lee Joseph, Jr., a pretrial detainee housed at the Terrebonne Parish Criminal Justice Complex in Houma, Louisiana.  In his lawsuit filed against defendants, Terrebonne Parish Criminal Justice Complex, Warden Rhonda Ledet, and certain unidentified parties (Kitchen Supervisor/Caterer), Plaintiff alleges that he choked on a piece of aluminum foil in his lunch food on September 7, 2022.[1]  He claims that he now suffers from post-traumatic stress disorder because he fears it could happen again.  He requests monetary compensation.

A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(ii); *see also* 42 U.S.C. §1997e(c).  Liberally construing the complaint, it is the recommendation of the undersigned Magistrate Judge that this matter be

---

[1] Rec. doc. 1 (Complaint), p. 4.  The Clerk erroneously re-docketed the complaint at Rec. Doc. 6, but it is merely a duplicate of the original complaint submitted by plaintiff.

dismissed with prejudice as frivolous and for failing to state a claim upon which relief can be granted.

Joseph attempts to assert a constitutional violation based on the substandard condition of one lunch meal. He has not identified the food-service staff who prepared the meal. Instead, he names only the Terrebonne Parish Criminal Justice Complex and Warden Rhonda Ledet. The prison building itself is not a proper defendant. *Mitchell v. Jefferson Parish Correctional Center, et al.*, Civ. Action No. 13-4963, 2013 WL 6002770, at *3 (E.D. La. Nov. 12, 2013). The petition does not allege that the Warden was personally involved in the incident. There is certainly nothing in his petition to suggest that the Warden knew about the substandard food preparation or foreign bodies and disregarded the risk associated with the condition. *Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010); *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). In fact, his petition alleges it happened only once.

Even if Joseph had named a proper defendant, his allegations do not suffice to establish a constitutional violation. Regardless of whether an inmate is a pretrial detainee or a convicted prisoner, the standard of liability is the same for episodic acts or omissions of jail officials, as alleged here. *McCarty v. Zapata County*, 243 F. App'x 792, 2007 WL 1191019, at *1 (5th Cir. Apr. 20, 2007) (citing *Gibbs v. Grimmette*, 254 F.3d 545, 547 (5th Cir. 2001); *Hare*, 74 F.3d at 636. Joseph must establish the following elements: (1) the deprivation of a basic human need was objectively "sufficiently serious" and (2) the prison official subjectively acted with deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 298, 303

(1991). To fulfill the subjective component, he must demonstrate a "deliberate indifference" to his health or safety by the defendants. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official cannot be found liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Deliberate indifference is more than mere negligence. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

"The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *Hyder v. Perez*, 85 F.3d 624, 1996 WL 255243, at *1 (5th Cir. Apr. 29, 1996). "A single incident of food poisoning or finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected." *Green*, 623 F.3d at 281. "Evidence of frequent or regular injurious incidents of foreign objects in food, on the other hand, raises what otherwise might be merely isolated negligent behavior to the level of a constitutional violation." *Id.* Joseph has not established that he suffered an extreme deprivation of constitutional magnitude or that he was even injured by the solitary incident of alleged unsanitary handling of his food. *Harris v. Monfra*, Civ. Action No. 19-13955, 2020 5804116, at *24-26 (E.D. La. Aug. 13, 2020), *adopted*, 2020 WL 5802663 (E.D. La. Sep. 29, 2020).

**RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that Joseph's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this 17th day of November, 2022.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.